UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT J. BURAN, as parent and next friend of EB,<br><br>Plaintiff,<br>v.<br><br>LISA RIGGS, in her official and individual capacity, et al.,<br><br>Defendants. | Case No. 3:13-cv-00272-MMD-VPC<br><br>ORDER<br><br>(Defs' Motion to Dismiss – dkt. no. 10) |

I.  **SUMMARY**

Before the Court is Defendants Lisa Riggs and Washoe County School District's Motion to Dismiss ("Motion") (dkt. no. 10). The Motion is granted because non-lawyer Plaintiff Robert J. Buran is attempting to represent his son, EB, *pro se* without an attorney. The Court will grant Mr. Buran time to find an attorney and file an amended complaint.

II. **BACKGROUND**

Mr. Buran filed this Complaint on May 23, 2013. (Dkt. no. 1.) A brief summary of his allegations are as follows. Mr. Buran is a citizen of Nevada. Defendant Riggs is a citizen of Nevada and Defendant Washoe County School District is a political subdivision of the state of Nevada. (*Id.* at ¶¶ 11–13.)[1] Mr. Buran is the father of EB, who was a sixth grade student in the "School Within a School" ("SWAS") program for highly gifted

---

[1] The parties in this case are therefore not diverse.

children at Caughlin Ranch Elementary School for the 2012-2013 year. In 2011, EB told Mr. Buran that he might be bisexual and became friends with another boy, JD, who was also highly gifted and talked openly about being bisexual. (*Id.* ¶ 18.) EB and JD talked openly about their sexuality at school. (*Id.* ¶ 19.)

On February 15, 2013, Mr. Buran received a letter, dated February 12, 2013, from Defendant Riggs, administrator for the Gifted and Talented Education Program ("GATE"), saying that EB did not meet the minimum requirement to receive continued full time services for highly gifted children in the magnet program at Swope Middle School. (*Id.* ¶ 20.) Defendant Riggs' daughter, BC, was in the SWAS program with EB and would frequently give EB the "thumbs down" sign. (*Id.* ¶¶ 23, 25.) On or about February 20, 2013, BC bragged on the playground to EB and other classmates that her mother, Defendant Riggs, had "kicked JD out of the program." (*Id.* ¶ 27.) On February 21, 2013, Mr. Buran met with EB's teachers, Ms. Allstadt and Ms. Rosenberg, and they expressed their surprise that EB did not get into the magnet program, assured Mr. Buran they had recommended EB for the program, and stated that they would "fight" to try and get Defendant Riggs to change her mind. (*Id.* ¶ 21.) On February 22, 2013, Mr. Buran emailed Ms. Allstadt and Ms. Rosenberg, complaining about BC's behavior. (*Id.* ¶ 28.) On March 1, 2013, Mr. Buran and EB met with Defendant Riggs, her secretary, school principal Ms. Thoroughman, Ms. Alstadt and Ms. Rosenberg to discuss EB's exclusion from the program. (*Id.* ¶ 38.) Defendant Riggs explained that EB was excluded for bad behavior, bad grades, poor teacher recommendations, poor performance on standardized testing, inadequate math skills and poor attendance. (*Id.* ¶39.) At the meeting, Defendant Riggs gave Mr. Buran an Administrative Review for Magnate Placement ("Review"), which was meant to demonstrate that EB lacked the necessary qualifications for the magnet program. (*Id.* ¶¶ 38, 44.) The other meeting attendees did not say anything. (*Id.* ¶ 40.) The Complaint provides a detailed analysis of alleged flaws in the Review and asserts that Defendant Riggs created the review and manipulated the data to exclude EB because she perceived EB as gay. (*Id.* ¶¶ 44–68.) On April 1, 2013,

Mr. Buran wrote a letter to Ms. Thoroughman, the Superintendent and the Trustees regarding, among other things, EB's exclusion, Defendant Rigg's administration and EB's sexual orientation. (*Id.* ¶ 69.) On April 17, 2013, Defendant Riggs emailed Mr. Buran and offered to meet to "share complaints." (*Id.* ¶ 70.) Mr. Buran responded on April 18, 2013, saying that he would like to talk rather than litigate and that he wanted to discuss specific issues with the Review. (*Id.*) Defendant Riggs never responded. On April 18, 2013, BC approached EB as he was attempting to do a pull-up, pushed him off the bar, called him a "little fag boy," and then proceeded to show EB what a "girl can do" by completing the pull-up. (*Id.* ¶ 26.)

During the 2012-2013 school year, EB was also subjected to death threats, threats of rape and homosexual slurs by XL, who threatened to kill EB if EB reported XL's behavior. (*Id.* ¶ 32.) In February, 2013, EB had a risk evaluation by the school psychiatrist, Ms. Carrico, who noted that EB had high anxiety levels and recommended psychiatric treatment. (*Id.* ¶ 33.) EB told Mr. Buran about his experiences with XL on February 21, 2013, and mentioned one incident that took place on February 20, 2013. (*Id.* ¶ 34.) Mr. Buran immediately emailed EB's teachers, who said that they are aware of the situation. (*Id.*) EB's teachers also informed Mr. Buran that XL was removed from class. (*Id.*) Mr. Buran got more details from his son on February 23, 2013, and on February 24, 2013, Mr. Buran sent a fax to the Superintendent's office that discussed the bullying of EB, EB's anxiety and EB's suicidal thoughts. (*Id.* ¶ 35.) Mr. Buran stated in the fax that the school should be doing more to protect EB and asked for a meeting to discuss the bullying of EB and ways the school can protect him so that he does not have to leave the school system. (*Id.*) Mr. Buran never got a response. Mr. Buran also sent the fax to Ms. Thoroughman, who communicated with Mr. Buran by phone and removed XL from school. (*Id.* ¶ 37.) Mr. Buran also emailed the police chief of the school police department and EB filed a police report. (*Id.* ¶ 36.)

The Complaint further alleges that EB's teacher crossed out all of EB's report on Alan Turing and wrote "not appropriate." (*Id.* ¶ 71.) In May, 2013, EB wrote the report,

which discussed the historical illegality of homosexuality in the United Kingdom, as well as Turing's arrest in 1952 and being injected with female hormones as punishment. (*Id.*) The report said that the female hormones caused Turing to grow breasts and that he died of suicide by cyanide poisoning in 1954. (*Id.*) The report also said that in 2009, the British government apologized for the way Turing was treated. (*Id.*)

The Complaint alleges the following causes of action under federal law: (1) 42 U.S.C. § 1983 claim for violation of Equal Protection Clause on the basis of sexual orientation; (2) § 1983 claim for violation of Equal Protection Clause on the basis of gender; (3) § 1983 claim for violation of First Amendment freedom of speech for censorship and chilling of speech; (4) § 1983 claim for violation of First Amendment freedom of speech for retaliation; (5) Title IX claim for sex based discrimination; and (6) § 1983 claim for violation of Title IX's prohibition against sex based discrimination. The Complaint also alleges state law claims for negligence, negligent training, and intentional and negligent infliction of emotional distress.

Defendants moved to dismiss on grounds that: (1) Mr. Buran, a non-attorney, cannot represent his son EB; and (2) the Complaint fails to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. no. 10.) Mr. Buran filed an opposition (dkt. no. 14) and Defendants filed a reply (dkt. no. 19).

### III. DISCUSSION

#### A. Mr. Buran's Claims on Behalf of EB

Mr. Buran asserts claims on behalf of his son as the "next friend and father" of EB. (Dkt. no. 1, ¶ 11.) Fed. R. Civ. P. 17(c)(2) states that a minor may sue by a guardian ad litem or next friend. However, the Ninth Circuit held that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). The Ninth Circuit in *Johns* also cited to *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986), which held that "under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney."

In *Johns*, a parent brought constitutional claims under § 1983 on behalf of his minor son. 114 F.3d at 876. The district court granted guardian ad litem status to the parent on the condition that he secure counsel. *Id.* After the parent failed to secure counsel, the district court dismissed the case with prejudice. *Id.* The Ninth Circuit affirmed the dismissal but instructed the district court to vacate the dismissal with prejudice and enter an order dismissing the case without prejudice. *Id.* at 878. The Ninth Circuit noted that a non-lawyer "has no authority to appear as an attorney for others than himself." *Id.* at 877 (citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). The Ninth Circuit thus reasoned that the "issue of whether a parent can bring a pro se lawsuit on behalf of a minor falls squarely within the ambit of the principles that militate against allowing non-lawyers to represent others in court. *Johns*, 144 F.3d at 877 (citations and internal quotations omitted). Agreeing with *Meeker*, the Ninth Circuit stated that "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child" because the "choice to appear *pro se* is not a true choice for minors who under state law . . . cannot determine their own legal actions." *Id.* at 876, (citing *Meeker*, 782 F.2d at 154). "Where they have claims that require adjudication, [minors] are entitled to trained legal assistance so their rights may be fully protected." *Johns*, 144 F.3d at 877.

The Ninth Circuit's reasoning in *Johns* also applies to this case. In Nevada, minors are not "of lawful age" until they are eighteen years old. N.R.S. 129.010. EB is alleged to be twelve years old. (Dkt. no. 1, ¶ 12.) He is therefore too young to determine his own legal actions and may not appear *pro se*. While the Court understands and respects that Mr. Buran is EB's father and a law student in California (dkt. no. 14 at 4), EB's rights must be fully protected by trained legal assistance in the form of a licensed attorney. Mr. Buran must therefore retain counsel before he may bring this action on behalf of EB.

Mr. Buran argues that *Johns* should not apply in this case because Mr. Buran cannot afford to hire a licensed attorney. (Dkt. no. 14 at 3.) The Court is sympathetic to

Mr. Buran's financial situation. 42 U.S.C. § 1988 authorizes district courts to award reasonable attorneys' fees to prevailing parties in certain types of civil rights cases, including actions involving claims under § 1983 and Title IX. See Fox v. Vice, 131 S.Ct. 2205, 2212 (2011). Non-profit legal organizations and attorneys may therefore be willing to represent litigants advancing § 1983 and Title IX cases without requiring upfront payment of fees. The Court mentions these facts not to provide Mr. Buran with any particular advice or to endorse these alternatives, but to demonstrate that even parents who lack financial means may seek private enforcement of alleged violation of federal law.

As Mr. Buran may not bring claims on behalf of EB without retaining a lawyer, all claims asserted by EB are dismissed.

### B. Mr. Buran's Claims on His Own Behalf

The Complaint states that Mr. Buran is also an aggrieved party in this case. (Dkt. no. 1, ¶ 74.) Mr. Buran is alleged to have suffered "extreme emotional stress" as well as "debilitating depression, humiliation and despair." (Id.) The Complaint does not specify which claims are brought on behalf of Mr. Buran himself. To the extent that Mr. Buran asserts all claims on behalf of himself, he fails to sufficiently plead his § 1983 and Title IX claims.

#### 1. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 US 662, 678 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient

factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of *pro se* litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Mr. Buran's pleadings with the appropriate degree of leniency.

**2.    Analysis**

The Complaint asserts federal claims under § 1983 and Title IX. There are two essential elements to a § 1983 claim: "(1) the defendants acted under color of law, and (2) their conduct deprived [plaintiff] of a constitutional right." *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011) (*citing Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985)). The Complaint does not sufficiently allege that Mr. Buran was deprived of a

constitutional right. There are no factual allegations to support a claim that Mr. Buran was discriminated against on the basis of his sexual orientation or gender in violation of the Equal Protection Clause, and there are no factual allegations to support a claim that Mr. Buran's speech was censored or that he was retaliated against based on his exercise of free speech under the First Amendment. Mr. Buran therefore fails to state a claim under § 1983 as to himself.

There are also two key elements for a cause of action under Title IX, which are: "(1) that a person must be excluded from participation in, denied the benefits of, or be subjected to discrimination under any education program; and (2) that such action was taken on the basis of the person's sex." *Doe v. Clark Cnty. Sch. Dist.*, 2:06-cv-1074, 2008 WL 4372872, at *3 (D. Nev. Sept. 17, 2008) (*citing* 20 U.S.C. § 1681(a)). The Complaint does not contain any factual allegations to support a claim that Defendants discriminated against Mr. Buran on the basis of his sex.

All federal law claims asserted by Mr. Buran are dismissed. The Court need not analyze Mr. Buran's state law claims because the Court lacks supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

## IV. CONCLUSION

It is therefore ordered that Defendants' Motion to Dismiss (dkt. no. 10) is granted. The Complaint is dismissed without prejudice. The Court grants Plaintiff sixty (60) days leave to secure legal representation and file an amended complaint to assert claims on behalf of EB. In the event that Plaintiff is unable to secure legal representation, the relevant statutes of limitations will be tolled and will not accrue until EB becomes an emancipated minor or reaches eighteen (18) years of age.

DATED THIS 11th day of March 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE